# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LARRY V. HENDERSON, JR.<br><br>                 Plaintiff,<br>v.<br><br>ZARCH THOMS, RACHEAL GOLDBECK, RYAN CAPTENTER, MICHAEL ROHDE, LISA SAFFORD, and JAMES HUNTER,<br><br>                 Defendants. | Case No. 23-CV-1067-JPS<br><br>**ORDER** |

       Plaintiff Larry V. Henderson, Jr. ("Plaintiff"), who is confined at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that Defendants Zarch Thoms ("Thoms"), Racheal Goldbeck ("Goldbeck"), Ryan Captenter ("Captenter"), Michael Rohde ('Rohde"), Lisa Safford ("Safford"), and James Hunter ("Hunter") (collectively, "Defendants") violated his constitutional rights. ECF No. 1. Henderson also moved for leave to proceed without prepayment of the filing fee. ECF No. 3.

       Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court Judge for the limited purpose of screening the complaint. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint. This case will be returned to Magistrate Judge William E. Duffin for further proceedings after entry of this Order.

1.  **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. *Id.* § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On August 24, 2023, Plaintiff moved for leave to proceed without prepayment of the filing fee. ECF No. 3. On August 28, 2023, the Court ordered Plaintiff to pay $15.60 as an initial partial filing fee by September 28, 2023. ECF No. 6. Plaintiff paid the fee on September 19, 2023. *See* September 19, 2023 docket entry. The Court will grant Plaintiff's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this Order.

2.  **SCREENING THE COMPLAINT**

    **2.1   Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of

Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that on September 3, 2017, at 7:58 P.M., Defendant Milwaukee Police Officer Thoms put out a "temporary felony warrant" and a suspect alert for Plaintiff. ECF No. 1 at 2. Plaintiff also alleges that the temporary felony warrant expired on Tuesday, September 5,[1] 2017, at 7:58

---

[1] In his complaint, Plaintiff says Tuesday, September 6, 2017, but the Court assumes this is a typo and that Plaintiff meant September 5.

P.M. *Id.* On September 6, 2017, at 12:20 P.M., Defendants Milwaukee Police Officers Goldbeck, Captenter, and Rohde went to 3027 N. Palmer St. in Milwaukee, Wisconsin to look for Plaintiff. *Id.* at 3. They found him in a vehicle in front of this address and arrested him. *Id.*

Plaintiff alleges that they arrested him on an expired temporary felony warrant and that there was no probable cause determination made before the temporary felony warrant expired. *Id.* at 2–3. He alleges that Thoms violated the temporary felony warrant procedures by allowing an arrest based on an expired temporary felony warrant. *Id.*

Plaintiff was then interviewed by Sergeant Safford and Detective Hunter on September 6 and September 7, 2017. *Id.* at 3. Plaintiff states that Safford and Hunter should not have interrogated him because he was being detained without probable cause. *Id.*

### 2.3 Analysis

Plaintiff claims that Defendants violated his Fourth Amendment rights when they arrested and interrogated him based on an expired temporary felony warrant. As to Plaintiff's allegations that Defendants violated the Milwaukee Police Department's procedure regarding temporary felony warrants, policy violations alone are insufficient to state a constitutional claim under § 1983. *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 only "protects plaintiffs from constitutional violations, not violations of state laws, or . . . departmental regulations") (collecting cases). Because Plaintiff's sole allegation as to Thoms is that Thoms failed to follow the Milwaukee Police Department's procedure regarding temporary felony warrants, Thoms will stand dismissed from this action.

However, Plaintiff also alleges that his arrest was made without probable cause, which is required to state a claim for an unlawful arrest

under § 1983. *Jones by Jones v. Webb*, 45 F.3d 178, 181 (7th Cir. 1995). A temporary felony warrant is just one way to establish that the arresting officers have probable cause, and arresting officers generally have probable cause where they know about facts and circumstances that would allow a reasonable police officer to suspect that a crime had been committed, is being committed, or is about to be committed. *See Rooni v. Biser*, 742 F.3d 737, 740 (7th Cir. 2014.)

At this stage, Plaintiff may proceed against Goldbeck, Captenter, and Rohde for an unlawful arrest under the Fourth Amendment. However, to be successful in later stages of this case, Plaintiff must establish that these officers did not have probable cause to arrest him at all, which is a very high bar.

Additionally, Plaintiff's claims are likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), but the Court does not have enough information at this time to make this determination. "*Heck* bars a plaintiff's suit under § 1983 where 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence' unless the plaintiff can show that the conviction or sentence has already been invalidated." *Easterling v. Siarnicki*, 435 F. App'x 524, 526 (7th Cir. 2011) (quoting *Heck*, 512 U.S. at 487 and citing *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)). Typically, a claim of unlawful arrest, alone, does not implicate the validity of a conviction, but where the arrest and prosecution are based on the same evidence, it can. *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995); *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004).

Here, it is unclear if the interrogation by Safford and Hunter led to evidence that was used in the prosecution. As such, the Court, for now, will allow Plaintiff to proceed against Safford and Hunter on a Fourth

Amendment claim for unlawful pretrial, post-arrest detention and interrogation. *See Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause."); *Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019) ("[T]he constitutional right in question is the 'right not to be held in custody without probable cause . . . .'") (quoting *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018)). However, the Court notes that as the case develops, it is likely that this claim, as well as Plaintiff's unlawful arrest claim, will be *Heck* barred.

### 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourth Amendment violation for unlawful arrest by Goldbeck, Captenter, and Rohde.

**Claim Two:** Fourth Amendment violation for unlawful pretrial, post-arrest detention and interrogation by Safford and Hunter.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff Larry V. Henderson, Jr.'s motion for leave to proceed without prepaying the filing fee, ECF No. 3, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Zarch Thoms be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, ECF No. 1, and this Order upon Defendants Rachael Goldbeck, Ryan Captenter, Michael Rohde, Lisa Safford, and James Hunter pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants Rachael Goldbeck, Ryan Captenter, Michael Rohde, Lisa Safford, and James Hunter shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile

or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $334.40 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that this case is returned to Magistrate Judge William E. Duffin for further proceedings. The case is no longer referred to Judge Stadtmueller.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.