UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY V. HENDERSON, JR.,

    Plaintiff,

v.                                       Case No. 23-CV-1067

RACHAEL GOLDBECK, *et al.,*

    Defendants.

### ORDER

On August 19, 2024, Larry V. Henderson, JR., who is incarcerated and representing himself, filed a motion to amend his complaint. (ECF No. 46.) Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

It would be futile to allow Henderson to amend his complaint and, arguably, it would cause undue prejudice to the defendants because they have filed a motion for

summary judgment on the merits.[1] Henderson seeks to amend his complaint to add claims against the City of Milwaukee, two John Doe officers, and "Officer CrossTD782". (ECF No. 46.) Henderson's amended complaint does not contain any specific allegations describing what the John Doe defendants did or did not do to violate his rights. As such, he does not state a claim against them.

As for the City of Milwaukee, to sue a municipality under § 1983 the plaintiff must allege that the violation was a result of a municipal policy or custom. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-691 (1978)). Henderson does not allege that the violation was a result of a City of Milwaukee policy or custom, so he does not state a claim against the City of Milwaukee.

As for "Officer CrossTD782", Henderson alleges that he failed to follow the proper policy for entering temporary felony warrants. Henderson does not allege that "Officer CrossTD782" was involved in seizing him under the warrant or acting without probable cause. He simply alleges that "Officer CrossTD782" used the wrong codes and entered the information incorrectly. "Section 1983 protects against 'constitutional violations, not violations of . . . departmental regulation and . . . practices[.]'" *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (quoting *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)). The failure of "Officer

---

[1] The defendants did not respond to Henderson's motion, so they did not argue that they would be unduly prejudiced by the court granting Henderson's motion. The court, then, does not know whether they would actually be unduly prejudiced.

2

CrossTD782" to follow policy is not a constitutional violation, so Henderson does not state a § 1983 claim against him.

Because Henderson does not state viable claims against the defendants he seeks to add with his proposed amended complaint, it would be futile to grant his motion to amend the complaint.

**IT IS THEREFORE ORDERED** that Henderson's motion to file an amended complaint (ECF No. 46) is **DENIED.**

Dated in Milwaukee, Wisconsin this 2nd day of October, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge