# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LARRY V. HENDERSON, JR.,

        Plaintiff,

v.                              Case No. 23-CV-1067

RACHEAL GOLDBECK, *et al.*,

        Defendants.

## DECISION AND ORDER

Plaintiff Larry V. Henderson, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Henderson was allowed to proceed on a claim against defendants Racheal Goldbeck, Ryan Carpenter, and Michael Rohde pursuant to the Fourth Amendment for allegedly arresting him without probable cause. He was also allowed to proceed on a claim against Lisa Safford and James Hunter pursuant to the Fourth Amendment for detaining him post-arrest and interrogating him when they did not have probable cause.

The defendants filed a motion for summary judgment, which is fully briefed and ready for a decision. (ECF No. 35.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 5,11-14, 29.)

## PRELIMINARY MATTERS

Along with his materials in response to the defendants' motion for summary judgment, Henderson also filed a "reply to the defendants' answers and affirmative

defenses." (ECF No. 56.) The defendants move to strike this reply. (ECF No. 81.) Henderson's reply to the answer attempts to add or clarify allegations regarding his claims. At this stage in the case, this is not the appropriate vehicle to do so. Instead, Henderson can defend his allegations in his summary judgment response materials, which he appears to have done. As such, the court will grant the defendants' motion to strike and will not consider Henderson's reply to the defendants' answer in deciding the summary judgment motion.

## FACTS

On September 3, 2017, defendant Hunter was investigating a sexual assault at 3145 N. 25th Street, Milwaukee, WI, 53206. (ECF No. 37, ¶ 1.) He interviewed two minor children, identified here as Z.T. and C.C. (*Id.*, ¶ 2.) Z.T. told Hunter that Henderson was having sex with C.C. (*Id.*, ¶¶ 3-5.) Officers who were with Hunter then spoke to C.C., who told them Henderson had been having sex with her since she was eight years old. (ECF No. 38-3 at 22-23).

That same day, September 3, at 7:58 pm, non-defendant Officer Thoms requested a temporary felony warrant. (ECF No. 38-3 at 86-88.) The warrant was generated at 8:03 p.m. (*Id.*)

On September 6, 2017, Goldbeck, Carpenter, and Rohde arrested Henderson based on Z.T.'s and C.C.'s statements. (ECF No. 37, ¶ 10.) Henderson states that, by this time, the temporary felony warrant had expired because such a warrant needs to be supported by a "proper warrant" within 48 hours of its issue. (ECF No. 58, ¶ 9.) According to Henderson, the temporary felony warrant expired at 8:03 p.m. on

2

September 5, 2017. (*Id.*) Henderson asserts this means the defendants did not have probable cause to arrest him. (*Id.*, ¶ 10.)

After his arrest on September 6, Hunter, at Safford's direction, interviewed Henderson from 6:43 p.m. to 11:00 p.m. (ECF No. 58, ¶¶ 11-12.) Hunter interviewed Henderson again on September 7, 2017, from 8:30 p.m. to 10:35 p.m. (*Id.*, ¶ 13.) Henderson states that, during this interview, Hunter obtained from him a "SEW-UP CONFESSION," which Henderson states was a defective statement because it was false. (*Id.*) Henderson also asserts that the interrogation violated his constitutional rights because the temporary felony warrant had expired, which meant that the 72-hour period for dentition on the basis of probable cause had also expired. (*Id.*)

On September 11, 2017, Henderson was charged with "one count of Repeated Sexual Assault of Same Child (At Least 3 Violations of 1st Degree Sexual Assault) in violation of Wis. Stat. 948.025(1)(b) and 2 counts of Repeated Sexual Assault of Same Child (At Least 3 Violations of 1st or 2nd Degree Sexual Assault) in violation of Wis. Stat. 948.025(1)(e)." (ECF No. 37, ¶ 14.) Henderson asserts that he was only charged because Hunter obtained a confession which was a "defective statement". (ECF No. 58, ¶ 14.)

On December 19, 2017, Henderson plead guilty to one count of Repeated Sexual Assault of Same Child (At Least 3 Violations of 1st or 2nd Degree Sexual Assault) in violation of Wis. Stat. 948.025(1)(e) and the other two counts were read into the record. (ECF No. 38-2 at 1.) It is undisputed that Henderson's conviction has not been

overturned, but Henderson notes he is currently appealing his case to the Wisconsin Court of Appeals. (ECF No. 58, ¶ 16.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406

4

F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

ANALYSIS

Henderson claims that, because the Temporary Felony Warrant expired before he was arrested, the defendants did not have probable cause to arrest him, nor did they have probable cause to detain and interrogate him.

*Application of Heck v. Humphrey*

The defendants argue that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Henderson's claims because his conviction has not been overturned. "*Heck* bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence." *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004). If the plaintiff's conviction or sentence is implicated by the § 1983 suit, "*Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit." *Id.* Where there is a claim for an unlawful arrest, the validity of a conviction is generally not implicated. *Id.* at 997. This is because "'the injury of being detained illegally is compensable regardless of whether the plaintiff is later convicted or even prosecuted.'" *Id.* (quoting *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 897 (7th Cir. 2001)). However, this is not always the case, and where the wrongful arrest and the subsequent prosecution are based on the same evidence—*e.g.,* the arrest occurred because an officer planted drugs on the plaintiff—then the claim may be *Heck* barred. *Id.* (discussing *Gauger v. Hendle*, 349 F.3d 354, 361 (7th Cir. 2003)).

5

Henderson's claims relating to the constitutionality of his arrest are not barred by *Heck*. As the Seventh Circuit has acknowledged, "an arrest without probable cause violates the fourth amendment but does not imply the invalidity of a conviction, because courts do not 'suppress the body' of the accused." *Evans v. Poskon*, 603 F.3d 362, 363-64 (7th Cir. 2010). Henderson does not claim that the defendants lacked probable cause to arrest him because he is innocent; he simply claims that the defendants' investigation prior to his arrest was inadequate to support a finding of probable cause prior to his arrest. As such, Henderson's claims against Goldbeck, Carpenter, and Rohde are not barred by *Heck* because, even if Henderson were to prevail on his claims, his conviction, which is based on his guilty plea, would be secure. *See Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017) (highlighting that "[a] plaintiff is the master of his own complaint . . . so [the court] must examine what [the plaintiff] is asking for, before [the court] can decide whether he may pursue his section 1983 action or if the *Heck* line of cases stands in his way.").

However, his claims against Hunter and Safford are barred by *Heck*. Henderson argues that the charges against him and his subsequent guilty plea were a result of a "sew-up confession" or defective or false statement that was obtained while he was being unlawfully detained. In short, he alleges that, but for his unlawful detention and interrogation, he would not have made that confession, would not have been charged, would not have plead guilty, and would not have been convicted. "[A] plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the

6

validity of the conviction." *McCann v. Neilsen*, 466 F.3d 619, 621-22 (7th Cir. 2006). In reviewing both Henderson's complaint and his materials in support of his response to the defendants' summary judgment, it is clear in his claims against Hunter and Safford that he is challenging his conviction. As such, the claims against Hunter and Safford are *Heck*-barred and the court will dismiss them without prejudice. If Henderson is successful in overturning his conviction, he may sue under § 1983 on these claims again.

*Unlawful Arrest Claim*

Henderson's claims for an unlawful arrest must be dismissed if the defendants had probable cause to arrest him. "[T]he existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for false arrest or false imprisonment." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 713 (7th Cir. 2013). "Probable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Id.* at 714. Probable cause "requires something more than a hunch [but] does not require a finding that it was more likely than not that the arrestee was engaged in a criminal activity—the officer's belief that the arrestee was committing a crime need only be reasonable." *Id.* "Determining whether an officer had probable cause to arrest entails a purely objective inquiry; the officer's subjective state of mind and beliefs are irrelevant." *Id.* Courts must consider whether the "facts and circumstances, 'viewed from the standpoint of an objectively reasonable police officer, amount to

7

probable cause.'" *Id.* (quoting *Maryland v. Pringle*, 540 U.S. 366 (2003) (internal citations omitted)).

Henderson does not argue that the defendants did not have probable cause to arrest him. Instead, he argues that the window within which probable cause to arrest him existed closed when the temporary felony warrant expired at 8:03 p.m. on September 5, 2017.

Henderson misunderstands the purpose of a temporary felony warrant. "'[A] temporary felony warrant is a tool used by law enforcement officers to communicate to other law enforcement officers that probable cause exists to arrest an individual for a felony crime and that person should be taken into custody immediately." *Wilson v. Schwandt*, Case No. 20-CV-699, 2022 WL 171046 at * 5 (E.D. Wis. Jan. 19, 2022) (quoting *State v. Burrows*, 385 Wis. 2d 515, 2019 WI App 5, ¶ 22.) It does not establish probable cause, nor does it start any sort of clock that limits the duration of the existence of probable cause. *Id.* Despite the temporary felony warrant's use of the word "warrant" in its title, it "operates more like an 'all-points bulletin' letting other officers within the network know that one of their fellow officers believes he has probable cause and requests that, if they encounter the suspect, they detain them." *Id.*

It appears Henderson is attempting to argue some sort of violation under *Riverside v. McLaughlin*, 500 U.S. 44 (1992), which starts the clock running on when a person can be detained without a probable cause hearing. However, Henderson was not considered "detained" at the time the temporary felony warrant was issued. Based on the totality of the circumstances, the defendants had probable cause to arrest

8

Henderson on suspicion of child sexual assault based on the statements of Z.T. and C.C., regardless of whether the temporary felony warrant had expired.

Summary judgment is granted in the defendants' favor.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is granted. The claims against Hunter and Safford are *Heck*-barred and dismissed without prejudice. The claims against Goldbeck, Carpenter, and Rohde are decided on the merits and dismissed with prejudice. The defendants also argued that they were entitled to qualified immunity but, because the court found in their favor on the merits, it does not need to address the qualified immunity argument. Because there are no remaining claims, the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion to strike Henderson's reply to their answer (ECF No. 61) is **GRANTED**. The reply (ECF No. 56) is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (ECF No. 35) is **GRANTED.** The claims against Hunter and Safford are **DISMISSED without prejudice**. The claims against Goldbeck, Carpenter, and Rohde are **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 21st day of March, 2025.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge